**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
**FILED**
*January 07, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| vs. | § CRIMINAL NO. **4:25-cr-0002** § SEALED § |
| JAIME PENA<br>NICKIE MENDELL | § § § |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

*(Title 21 U.S.C. §846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE CONTROLLED SUBSTANCES)*

Beginning on an unknown date, but no later than on or about March 15, 2024, said dates being approximate, in the Southern District of Texas and elsewhere, the defendants,

**JAIME PENA**, and

**NICKIE MENDELL**,

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with one another and others, both known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) and (b)(1)(D), all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

*(Title 21 U.S.C. §841 POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE)*

On or about March 15, 2024, in the Southern District of Texas, the defendants,

**JAIME PENA**, and

**NICKIE MENDELL**,

did aid and abet and knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2; and less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), b(1)(C) and (b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT THREE

*(Title 18 U.S.C. §924(c)(1)(A) POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME)*

On or about March 15, 2024, in the Southern District of Texas, the defendants,

**JAIME PENA**, and

**NICKIE MENDELL**,

each aiding and abetting the other, did knowingly possess a firearm, namely, a Glock, Model 22, .40-caliber pistol, and a Smith and Wesson, .223-caliber rifle, in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute controlled substances, as charged in Count One of this Indictment, and

2

possession with intent to distribute controlled substances, as charged in Count Two of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946) (coconspirator liability).

## COUNT FOUR

*(Title 18 U.S.C. §922(g)(1) POSSESSION OF A FIREARM BY A PREVIOUSLY CONVICTED FELON)*

On or about March 15, 2024, in the Southern District of Texas, the defendant,

**JAIME PENA**,

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Glock, Model 22, .40-caliber pistol, and a Smith and Wesson, .223-caliber rifle, that were in or affecting interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

## PRIOR CONVICTIONS

Prior to the commission of the offenses charged in Counts One, Two, and Four of this Indictment, the defendant,

**JAIME PENA**,

was convicted of Aggravated Manufacture/Deliver/Possession of a Controlled Substance on or about September 15, 1998, Case No. 730140, a first-degree felony, in violation of HSC 481.112(d)(1), in the 248th Harris County District Court.

Prior to the commission of the offenses charged in Counts One, Two, and Four of this Indictment, the defendant, **JAIME PENA**, was convicted of Possession with Intent to Deliver Cocaine on or about August 28, 2001, Case No. 866259, a first-degree felony, in violation of HSC 481.112(d), in the 338th Harris County District Court.

Prior to the commission of the offenses charged in Counts One, Two, and Four of this indictment, the defendant, **JAIME PENA**, was convicted of Possession with Intent to Deliver Cocaine on or about October 5, 2010, Case No. 1259949, a first-degree felony, in violation of HSC 481.112(d), in the 248th Harris County District Court.

The foregoing convictions in Case Nos. 730140, 866259, and 1259949 are serious drug offenses committed on occasions different from one another, in accordance with Title 18, United States Code, Section 924(e).

Furthermore, the foregoing conviction under Case No. 1259949 is a serious drug felony for which the defendant served more than 12 months' imprisonment and was released from any term of imprisonment for the same within 15 years of the commencement of the instant offenses, in accordance with Title 21, United States Code, Section 851.

## **FORFEITURE ALLEGATION**

The allegations contained in Count One of this Indictment are realleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

Upon conviction of the controlled substance offense alleged in Count One of this Indictment, the defendants,

**JAIME PENA**, and

**NICKIE MENDELL**,

shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds obtained, directly and indirectly, as a result of the violations incorporated by reference in these allegations and all property used, or intended to be used, in any manner or part, to commit, and to

facilitate the commission of the violations alleged in Count One of this Indictment, including, but not limited to the following: a money judgment in the amount of proceeds obtained directly and indirectly as a result of the defendant's drug trafficking in Count One of this Indictment.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Further, the allegations contained in Counts Three and Four of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c) set forth in Counts Three and Four of this Indictment, the defendants,

**JAIME PENA**, and

**NICKIE MENDELL**,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the

commission of the offenses, including, but not limited to: a Glock, Model 22, .40-caliber pistol, and a Smith and Wesson, .223-caliber rifle, and associated ammunition.

All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL:

*Original Signature on File*
FOREPERSON OF THE GRAND JURY

ALAMDAR HAMDANI
UNITED STATES ATTORNEY

*Benjamin J. Smith*
Benjamin J. Smith
Special Assistant United States Attorney